J. Seoane & Co., Sucrs., S. en C., demandante y apelante, *v.* Encarnación Hernández, Generoso, Etelvina, Alfonso y Jacinto Zayas, demandados y apelados.

Núm. 6898.—*Resuelto:* Enero 12, 1938.

*Antonio L. López,* abogado de la apelante; *M. Rodríguez Alberty,* abogado de los apelados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

### EN MOCION DE RECONSIDERACION

Este caso se resolvió por sentencia de julio 23, 1937, (ante pag. 59). No conforme, la parte apelante ha presentado una moción de reconsideración. La hemos estudiado cuidadosamente y estamos convencidos de que debe declararse sin lugar porque la sentencia se sostiene no sólo por el motivo consignado en la opinión en que se basa si que por otro fundamental que en dicha opinión se dejó sin resolver en los siguientes términos:

"Al formular su señalamiento de error parte la apelante de la base de que constituye una donación graciosa el acto realizado por los cuatro primeros demandados al renunciar sus derechos a la finca de que se trata, acto que completando en lo que pudiera faltar la disposición testamentaria de Maximino Zayas mejorando a su hijo más pequeño el otro demandado Jacinto, causó la inscripción en el registro de la finca a favor del mismo, y aceptando nosotros, sin resolverlo, que sea así, esto es, colocándonos en el terreno más favorable a la apelante, creemos, sin embargo, que no debe revocarse la sentencia recurrida." Ante, pág. 63.

Se concluye entonces que no quedó demostrada la insolvencia de los demandados, terminando la opinión así:

"Y siendo ése el resultado de la prueba, no cabe anular la donación que por otro lado no inspira ni siquiera la sospecha de fraude alguno si que se explica perfectamente por los motivos consignados en el acta de agosto 29, 1930, a saber, hacer los hijos mayores efectiva la voluntad del padre consignada de modo solemne en su testamento y asegurar a la madre y al hermano menor de edad un hogar donde continuar viviendo." Ante, pág. 64.

Al reestudiar el caso en su totalidad creemos que la cuestión que se dejó abierta debió y debe resolverse en la negativa.

No es aplicable a este caso el precepto legal en que funda su acción la demandante, a saber: "Se presumirá siempre hecha la donación en fraude de los acreedores, cuando al hacerla no se haya reservado el donante bienes bastantes para pagar las deudas anteriores a ellas."

Aquí quien trasmitió la finca de que se trata a favor del demandado Jacinto Zayas, fué su padre para después de su muerte, al mejorarlo en su testamento, no los otros demandados Encarnación Hernández y Generoso, Etelvina y Alfonso Zayas, que lo único que hicieron fué despejar la situación para que pudiera cumplirse en un todo la voluntad paterna.

Es cierto que el artículo 578 (644, Comp. 1911) del Código Civil (ed. de 1930) prescribe que "No obstante lo dispuesto en el artículo 576, ninguno podrá dar ni recibir, por vía de donación, más de lo que pueda dar o recibir por testamento", y que "La donación será inoficiosa en todo lo que exceda de esta medida."

Y es cierto también que el propio cuerpo legal en su artículo 596 (662, Comp. 1911) ordena que "Las donaciones que con arreglo a lo dispuesto en el artículo 578 sean inoficiosas computado el valor líquido de los bienes del donante al tiempo de su muerte, deberán ser reducidas en cuanto al exceso; . . ."

Pero seguidamente en el artículo 597 (663, Comp. 1911) limita la acción para pedir la reducción como sigue:

"Sólo podrán pedir reducción de las donaciones aquellos que tengan derecho a legítima o a una parte alícuota de la herencia, y sus herederos o causahabientes.

"Los comprendidos en el párrafo anterior no podrán renunciar su derecho durante la vida del donante, ni por declaración expresa, ni prestando su consentimiento a la donación.

"Los donatarios, los legatarios que no lo sean de parte alícuota y los acreedores del difunto, no podrán pedir la reducción ni aprovecharse de ella."

La demandante, acreedora de los herederos que le eran en deber los cuatrocientos dólares que con sus intereses re-

clama, no podía obligar a dichos herederos a pedir la reducción de la mejora. Ellos pudieron actuar libremente como lo hicieron aunque fueran insolventes. Tan allá no puede ir la acción del acreedor. El acto es diferente al de la donación de bienes que el deudor tiene en su poder con ánimo de defraudar a un acreedor, o al de la repudiación de la herencia en perjuicio de sus propios acreedores en cuyo caso el repetido Código Civil en su artículo 955 reconoce a éstos el derecho a pedir de la corte de distrito competente que los autorice para aceptar la herencia en nombre de su deudor el heredero.

Como los principios que dejamos establecidos no han pasado por el crisol de una verdadera discusión entre las partes, a los efectos de la jurisprudencia sólo deberán ser tomados en consideración de acuerdo con los hechos y las circunstancias que les sirven de base tales como han sido expuestos en la opinión.

*Debe declararse no haber lugar a la reconsideración solicitada.*

El Juez Asociado Señor Córdova Dávila no intervino.